(884 P.2d 451)
No. 71,213

DEBORAH GANN, as the natural mother and heir-at-law of STEPHANIE L. FROST, deceased, and GREG FROST, as the natural father and heir-at-law of STEPHANIE L. FROST, deceased, *Appellees*, v. SPENCER JOECKEL, *Appellant*.

Opinion filed November 10, 1994.

*Edward M. Boyle*, of Payne & Jones, Chartered, of Overland Park, for the appellant.

*Gordon M. Rock Jr.*, of Grimshaw & Rock, Chartered, of Olathe, for the appellee Deborah Gann.

*Gary C. Robb*, of Robb & Robb, of Kansas City, Missouri, for the appellee Greg Frost.

Before PIERRON, P.J., BRAZIL, J., and DAVID PRAGER, Chief Justice Retired, assigned.

PRAGER, C.J. Retired: Spencer Joeckel appeals from an adverse jury verdict and judgment entered in a wrongful death action. Joeckel maintains the district court erred in computing the damages owed to plaintiffs by misapplying Kansas comparative fault principles.

The facts in this case are not disputed and are as follows. A vehicular accident occurred on November 11, 1992. Stephanie Frost, a passenger in Joeckel's automobile, was killed as a result of the wreck. Stephanie's mother, Deborah Gann, brought suit against Joeckel, alleging negligence as the cause of her daughter's

death. Stephanie's father, Greg Frost, was subsequently permitted to intervene in the action.

Joeckel made claims of comparative fault against Craig Rideout (the other driver), Frost, and the Kansas Department of Transportation. Rideout was never joined in the wrongful death action by either party.

The case proceeded to trial before a jury. The court granted the plaintiffs' motion for a directed verdict on the issue of Joeckel's fault but ruled that Joeckel's fault could be compared with the fault of Rideout. The court submitted the case to the jury for a determination of the allocation of fault between Joeckel and Rideout. The jury attributed 75% of the fault to Joeckel and 25% of the fault to Rideout. The jury then awarded $200,000 to the plaintiffs as damages for present and future nonpecuniary damages, $223.55 for Stephanie's care prior to her death, and $5,084.51 for funeral expenses, for a total of $205,308.06.

The district court first applied the comparative fault statute, K.S.A. 1993 Supp. 60-258a, and reduced the jury's award to an amount corresponding to Joeckel's 75% of fault, which was $153,981.06. The district court then applied K.S.A. 1993 Supp. 60-1903(a) and (b), thereby reducing the plaintiffs' nonpecuniary award to $100,000. The court then entered judgment in favor of the plaintiffs in the amount of $103,981.05. Joeckel filed a timely appeal.

The sole issue raised by Joeckel on the appeal is whether the trial court erred in its interpretation of 60-1903 as related to 60-258a.

K.S.A. 1993 Supp. 60-1903 reads in pertinent part as follows:

"(a) In any wrongful death action, the court or jury may award such damages as are found to be fair and just under all the facts and circumstances, but the damages, other than pecuniary loss sustained by an heir-at-law, cannot exceed in the aggregate the sum of $100,000 and costs.

"(b) If a wrongful death action is to a jury, the court shall not instruct the jury on the monetary limitation imposed by subsection (a) upon recovery of damages for nonpecuniary loss. If the jury verdict results in an award of damages for nonpecuniary loss which, *after* deduction of any amounts pursuant to K.S.A. 60-258a and amendments thereto, exceeds the limitation of subsection (a), the court shall enter judgment for damages of $100,000 for nonpecuniary loss." (Emphasis added.)

K.S.A. 1993 Supp. 60-258a reads in pertinent part:

"(a) The contributory negligence of any party in a civil action shall not bar such party or such party's legal representative from recovering damages for negligence resulting in death, personal injury, property damage or economic loss, if such party's negligence was less than the causal negligence of the party or parties against whom claim for recovery is made, but the award of damages to any party in such action shall be diminished in proportion to the amount of negligence attributed to such party.

. . .

"(d) Where the comparative negligence of the parties in any action is an issue and recovery is allowed against more than one party, each such party shall be liable for that portion of the total dollar amount awarded as damages to any claimant in the proportion that the amount of such party's causal negligence bears to the amount of the causal negligence attributable to all parties against whom such recovery is allowed."

Joeckel maintains the percentage of causal fault attributable to Rideout (25%) should be deducted from the total nonpecuniary damages permissible under 60-1903. To the contrary, plaintiffs maintain that pursuant to 60-258a, the percentages of fault are to be determined first and deducted from the total damages prior to the application of the nonpecuniary cap on damages.

The interaction between 60-1903 and 60-258a was considered and determined in *McCart v. Muir*, 230 Kan. 618, 629, 641 P.2d 384 (1982). In *McCart*, the Supreme Court held, without equivocation, that in applying the comparative negligence statute, 60-258a, in an action for wrongful death brought under 60-1901 *et seq.*, the percentage of causal fault attributable to the *decedent's negligence* plus the percentage of additional causal fault attributable to any direct negligence of the plaintiff are to be deducted from the amount of damages awarded by the court or jury for nonpecuniary damages, rather than from the maximum permissible recovery for nonpecuniary damages allowable under 60-1903. 230 Kan. at 630-31

Joeckel attempts to distinguish the factual situation in *McCart* from that in this case now before us so as to require a different result. He points out that the persons whose fault could be compared in *McCart* were the decedent, who was the driver; the decedent's father, who was the named defendant sued on the

theory of negligent entrustment; and the deceased children of the plaintiffs. The claim against the estate of the decedent driver had been previously settled for undisclosed sums. *McCart* and the cases cited therein did not involve a factual situation where there were multiple potential defendants at fault as in the present case where the negligence of the other driver, Rideout, a nonparty, was compared with the negligence of Joeckel.

We do not agree with Joeckel. The express language in 60-1903(b) states that "[i]f the jury verdict results in an award of damages for nonpecuniary loss which, *after deduction of any amounts pursuant to K.S.A. 60-258a and amendments thereto,* exceeds the limitation of subsection (a), the court shall enter judgment for damages of $100,000 for nonpecuniary loss". This language clearly requires any amounts deductible under the comparative fault statute to be deducted from the jury award of damages before the statutory cap on nonpecuniary damages is to be applied.

This conclusion is consistent with the reasoning of the Supreme Court in *Bright v. Cargill, Inc.,* 251 Kan. 387, 415, 837 P.2d 348 (1992). In that case, Bright was injured at Cargill's grain elevator while working for Southwest, an independent contractor. Cargill had contracted with Southwest for Southwest to replace a leg drive on an elevator. An employee of the LSI Corporation had caused Bright to fall and suffer the injury. Bright sued Cargill and LSI on the theory of negligence. Cargill filed a motion for summary judgment, claiming to be Bright's statutory employer and, therefore, that Bright's exclusive remedy was under the Workers Compensation Act. The trial court granted Cargill's motion and entered summary judgment. The case against LSI then proceeded to trial with LSI as the only defendant in the case.

The jury awarded Bright $1,643,250 for pain and suffering and assessed fault to Cargill of 60% and to LSI and its employee of 40%. The trial court first determined LSI's share of the pain and suffering to be $657,300 (40% of $1,643,250) and then reduced LSI's portion of the award to $250,000 as required under K.S.A. 1991 Supp. 60-19a01. This is the same procedure followed by the court in the present case.

LSI appealed on several grounds, including the claim it was only liable for 40% of the $250,000 limit for pain and suffering, which is the cap in 60-19a01(b) for the total amount recoverable by each party from all defendants for all claims for pain and suffering. K.S.A. 1993 Supp. 60-19a01(d) controls the interrelationship between the statutory cap and the consideration of comparative negligence principles in 60-258a.

K.S.A. 1993 Supp. 60-19a01(d) states:

"If the verdict results in an award for pain and suffering which exceeds the limit of this section, the court shall enter judgment for $250,000 for all the party's claims for pain and suffering. Such entry of judgment by the court shall occur *after consideration of comparative negligence principles in K.S.A. 60-258a and amendments thereto.*" (Emphasis added.)

It should be noted the provisions of 60-1903(b) and 60-19a01 are basically the same. Both statutes require the trial court to consider the statutory cap on damages *after comparative fault has been determined and applied to the damages found by the jury.*

Bright relied on the decision of the Supreme Court in *McCart* which held that in a wrongful death action the percentage of causal fault attributable to a decedent's negligence plus the percentage of additional fault attributable to any direct negligence of the plaintiff should be deducted from the amount of damages awarded rather from the statutory limit allowable under 60-1903. 230 Kan. 618, Syl. ¶ 8.

In *Bright*, LSI challenged the applicability of the *McCart* rule because *McCart* involved the consideration of comparable fault attributed to the defendant and the plaintiff rather than the comparable fault of a codefendant.

This is essentially the same distinction made by Joeckel—that *McCart* is not applicable because the negligence of Rideout, the nonparty driver, is involved, not that of the decedent or the plaintiffs.

The *Bright* court rejected this distinction because under 60-19a01 the $250,000 limit on pain and suffering is a limit on the amount recoverable and subsection (d) clearly instructs the trial court to apply comparative fault principles *before* entering judgment for $250,000 for pain and suffering.

In view of the clear language of 60-1903(b) and the rationale of the Supreme Court in *McCart* and *Bright*, we hold that in applying the comparative negligence statute, 60-258a, in an action for wrongful death brought under 60-1901 *et seq.*, the percentage of causal fault attributable to the negligence of a nonparty driver plus the percentage of causal fault attributable to any direct negligence of the decedent or the plaintiff are to be used to reduce the amount of damages awarded by the court or jury for nonpecuniary damages, rather than to reduce the maximum permissible recovery for nonpecuniary damages allowable under 60-1903.

Affirmed.